13-494-bk
Zunshine v. Giddens

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, Jr.,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

*In the Matter of:  MF Global Holdings LTD.,*
> *Debtor.*

_____

Jill Zunshine,

> *Appellant,*

> > v. 13-494-bk

James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.,

*Appellee,*

Securities Investor Protection Corporation, Statutory Intervenor pursuant to Securities Investor Protection Act, 15 U.S.C. 78eee(d),

*Intervenor.*

_____

FOR APPELLANT:        Jill Zunshine, *pro se*, New York, NY.

FOR APPELLEE:        Jeffrey Margolin, Hughes Hubbard & Reed LLP, New York, NY.

FOR INTERVENOR:        Christopher H. LaRosa, *for* Josephine Wang, General Counsel, Securities Investor Protection Corporation, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jill Zunshine, proceeding *pro se*, appeals from the dismissal of her appeal to the district court, sitting as an intermediate appellate court in a bankruptcy proceeding related to the liquidation of MF Global, Inc. ("MFGI"), from bankruptcy court orders permitting a trustee appointed

pursuant to the Securities Investor Protection Act ("SIPA") to require claimants against MFGI's estate to execute a Declaration and Release prior to receiving distribution on allowed claims. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

The standard of review is neither contested nor determinative.[1] Here, an independent review of the record and relevant case law reveals that, for the reasons described by the district court, the bankruptcy court properly rejected Zunshine's objections to the Declaration and Release. We affirm substantially for the reasons stated by the district court in its thorough and well-reasoned order. *See Zunshine v. Gibbons (In re MF Global Holdings, Inc.)*, No. 12-cv-4139, 2013 WL 139594 (S.D.N.Y. Jan. 11, 2013). We have considered all of Zunshine's remaining arguments and find them to be without merit.

---

[1] We conduct a plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, review *de novo* the bankruptcy court's legal conclusions, and accept the bankruptcy court's factual findings unless clearly erroneous. *See Morning Mist Holdings Ltd. v. Krys, (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 (2d Cir. 2013). Under the clear error standard, this Court "will not upset a factual finding unless [it is] left with the definite and firm conviction that a mistake has been committed." *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994) (internal quotation mark omitted).

For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk